IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL KEITH COLLIER                                                                                    PLAINTIFF

v.                                          Civil No. 4:21-cv-04063

OFFICER DUSTIN WAKEFIELD, Mineral Springs
Police Department; and JOHN DOE OFFICER,
Mineral Springs Police Department                                                                    DEFENDANTS

## ORDER

This is a civil rights action filed *pro* se by Plaintiff, Michael Keith Collier under 42 U.S.C. § 1983. On January 6, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 16). Before the Court is a Motion to Dismiss filed by Defendant Dustin Wakefield. (ECF No. 8). Plaintiff has filed a Response in opposition to the motion. (ECF No. 12).

### I. BACKGROUND

Plaintiff filed his Complaint in this lawsuit on September 28, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff names Dustin Wakefield and John Doe – officers with the Mineral Springs Police Department – as Defendants. (ECF No. 1, pp. 4-5). He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 9.

In the Complaint Plaintiff alleges Defendants used excessive force against him "on or around May 13th 2018". (ECF No. 1, p. 4). On November 30, 2021, Defendant Wakefield filed a Motion to Dismiss arguing Plaintiff's Complaint was filed more than three years after the May

1

2018 alleged excessive force incident and therefore his claims should be dismissed as being time-barred in accordance with the statute of limitations. *Id.*

Plaintiff filed a Response in opposition to the motion on December 15, 2021. (ECF No. 12). He admits he was not "timely in filing his Complaint" but argues in part, "…the physological effects of the 'excessive force' was not apparent at the time of the incident and therefore should not be time barred by statute of limitations but instead be allowed to be seen in its entirety." *Id.*

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Any possible equitable tolling is also controlled by state law unless that law is inconsistent with the policies behind § 1983. *Board of Regents of*

*University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.* A statute of limitations defense is not ordinarily grounds for a Rule 12(b)(6) dismissal except when the complaint itself establishes the defense. *Joyce v. Armstrong Teasdale, LLP,* 635 F.3d 364 (8th Cir. 2011).

According to Plaintiff's Complaint, Defendants used excessive force against him "on or around May 13, 2018". Therefore, May 13, 2018, was the date his claim accrued and the deadline to file a lawsuit relating to the incident would have been May 13, 2021. Plaintiff's Complaint was not filed until September 28, 2021 – almost four months after the statute of limitations had run. The fact Plaintiff may not have been aware of the psychological effects from the incident until later does not excuse his failure to timely file his Complaint.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED,** Plaintiff's Complaint (ECF No. 1) is dismissed, and the claims for excessive force against all Defendants are dismissed **WITH PREJUDICE**. A Judgement of even date will be entered.

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith. In addition, the dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and the Clerk be directed to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED this 11th day of January 2022.**

                                        /s/ *Barry A. Bryant*
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE